# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DARICK DEWAYNE DILLARD, | : | |
| Plaintiff, | : | |
| vs. | : | CA 22-0158-JB-MU |
| DALLAS COUNTY SHERIFF'S OFFICE, et al., | : | |
| | : | |
| Defendants. | | |

## **REPORT AND RECOMMENDATION**

This *pro se* prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated, it is recommended that the Court dismiss this action, without prejudice, based upon Darick Dewayne Dillard's failure to prosecute this action by not complying with the Court's Order dated and entered April 25, 2022 (Doc. 2).

On April 19, 2022, Darick Dewayne Dillard filed an essentially two-page typed pleading in this Court, purporting to assert claims against the Dallas County Sheriff's Office and others. (*See* Doc. 1, PageID. 1-2). Although the Clerk's Office docketed Dillard's pleading as a complaint seeking relief under 42 U.S.C. § 1983 (*see* Docket Sheet), because the undersigned was not as confident as the Clerk's Office with this designation, an Order was entered on April 25, 2022, instructing Dillard to inform the Court if he intended his complaints against the Dallas County Sheriff's Department (and others) to be considered by the Court in his two criminal cases pending in court (*see* Doc. 2, PageID. 5-6), for which he was set for sentencing on April 26, 2022. (*see id.,*

PageID. 5, n.1).[1] The undersigned went on to explain to Dillard that to the extent he did, indeed, intend to file a § 1983/*Bivens* action in this Court, his April 19, 2022 "complaint" was deficient because, among other things, it violated Rule 8(a)'s requirement that a short and plain statement of each claim be alleged and Rule 10(b)'s requirement that his claims be in separately-numbered paragraphs, with each paragraph limited to a single set of circumstances; therefore, he was ordered to file an amended complaint by May 25, 2022. (*See id.*, PageID. 6-11).[2] Mr. Dillard was specifically warned that any "[f]ailure to comply with this order within the prescribed time or to notify the Court of an address change will result in the dismissal of this action for failure to prosecute and to follow the Court's order." (*Id.*, PageID. 11). To date, Mr. Dillard has not filed his Amended Complaint, timely or otherwise, as instructed, nor did he pay the $402.00 filing fee or file an IFP motion. (*See* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to

---

[1] A copy of this Order was not only mailed to Dillard but, as well, a copy of the Order was hand-delivered to Dillard at his sentencing on April 26, 2022. (*See* Docket Sheet Entry on April 25, 2022). And since Dillard received a copy of this Order on April 26, 2022, this Court need not wait any longer to enter this Report and Recommendation.

[2] In addition, in the event he intended to file a § 1983/*Bivens* action, Dillard was also instructed to either pay the filing fee or file an IFP motion not later than May 25, 2022 (*see* Doc. 2, PageID, 6).

follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Dillard has not responded to the Court's Order dated and entered April 25, 2022, instructing him to file an Amended Complaint not later than May 25, 2022, and by that same date to pay the filing fee or file a motion to proceed without prepayment of costs and fees (*compare* Docket Sheet *with* Doc. 2).[3] Therefore, it is recommended that Dillard's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order dated and entered on April 25, 2022.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

---

[3] Plaintiff also failed to inform this Court that he intended to make his complaints directed to the Dallas County Sheriff's Office (and others) in his criminal cases (Criminal No. 21-0029-KD; Criminal No. 21-0066-KD), not in this civil action.

3

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 2nd day of June, 2022.

                                              s/P. Bradley Murray
                                        **UNITED STATES MAGISTRATE JUDGE**